1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KIMBERLY TAYLOR,                          Case No.  2:24-cv-0346-JAM-JDP

12                 Plaintiff,

13        v.                                   FINDINGS AND RECOMMENDATIONS

14   AQUARION ASSET MANAGEMENT,
     LLC,
15
                 Defendant.
16

17        Plaintiff Kimberly Taylor filed this action against Aquarion Asset Management, LLC,

18   alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the California

19   Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").  Defendant has neither answered

20   the complaint nor otherwise appeared.  Plaintiff now moves for default judgment.  ECF No. 8.  I

21   recommend that plaintiff's motion be granted.

22                                      **Background**

23        Plaintiff alleges that in mid-2023, defendant, a third-party debt collector, began calling her

24   cell phone in an attempt to collect a debt.  ECF No. 1 at 3.  She alleges that defendant harassed

25   her with repeated phone calls from then until at least January 2024, when this complaint was

26   filed.  *Id*. at 3-4.  These calls persisted despite plaintiff's multiple requests for defendant to cease

27   communication with her via telephone and to provide a debt verification letter.  *Id*.

28
                                            1

1    Plaintiff filed a proof of service showing that on February 23, 2024, a process server

2    served Cloud Peak Law, LLC, defendant's registered agent, with a copy of the summons and

3    complaint.[1]  ECF No. 5 *see* Fed. R. Civ. P 4(e)(2)(c).  After defendant failed to timely respond to

4    the complaint, plaintiff requested entry of its default, ECF No. 6, which the Clerk of Court

5    entered on March 13, 2024.  ECF No. 7.  Plaintiff now moves for default judgment against

6    defendant.  ECF No. 8.

## Legal Standard

8    Under Federal Rule of Civil Procedure 55, default may be entered against a party who

9    fails to plead or otherwise defend against an action.  *See* Fed. R. Civ. P. 55(a).  However, "[a]

10   defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."

11   *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v.*

12   *Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)).  Rather, the decision to grant or deny a motion

13   for default judgment is discretionary.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In

14   exercising that discretion, the court considers the following factors:

15   
16   
17   
18
> (1) the possibility of prejudice to the plaintiff, (2) the merits of
> plaintiff's substantive claim, (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action, (5) the possibility of a
> dispute concerning the material facts, (6) whether the default was
> due to excusable neglect, and (7) the strong policy underlying the
> Federal Rules of Civil Procedure favoring decisions on the merits.

19   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary

20   standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v.*

21   *Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-*

22   *Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

23   Generally, once default is entered "the factual allegations of the complaint, except those

24   relating to the amount of damages, will be taken as true."  *TeleVideo Sys., Inc. v. Heidenthal*, 826

25   _____

26   [1] A record search of the Wyoming Secretary of State's website shows that Cloud Peak
     Law, LLC, is a registered agent for defendant.  The court takes judicial notice of the entity profile
27   from the Wyoming Secretary of State's website.  Fed. R. Evid. 201; *see Gerritsen v. Warner*
     *Bros. Entm't, Inc.*, 112 F. Supp. 3d 1011, 1033-34 (C.D. Cal. 2015) (taking judicial notice of
28   business entity profile from the California Secretary of State's website).

1    F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th

2    Cir. 1977)).  However, "necessary facts not contained in the pleadings, and claims which are

3    legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d

4    1261, 1267 (9th Cir. 1992).

5                                          **Discussion**

6          A.      Appropriateness of the Entry of Default Judgment Under the *Eitel* Factors

7          The merits of plaintiff's substantive claims and the sufficiency of the complaint—factors

8    two and three—weigh in favor of granting default judgment.  These factors are "discussed

9    together because of the relatedness of the two inquiries."  *Allmendinger v. Oxford L., LLC*, No.

10   2:14-cv-1990-KJM-EFB (TEMP), 2016 WL 146230, *2 (E.D. Cal. Jan. 13, 2016).  The court

11   must consider whether the allegations in the complaint are sufficient to state a claim that supports

12   the relief sought.  *See Cal. Sec. Cans*, 238 F. Supp. 2d at 1175.

13         To state a claim under the FDCPA, plaintiff must demonstrate that: (1) she is a

14   "consumer," as defined by 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered

15   into for personal purposes; (3) the defendant is a "debt collector," as defined by 15 U.S.C.

16   § 1692a(6); and (4) the defendant violated one of the provisions under 15 U.S.C. §§ 1692a-1692o.

17   *Allmendinger*, 2016 WL 146230 at *2 (citing *Alonso v. Blackstone Financial Group LLC*, 962 F.

18   Supp. 2d 118, 1193-94 (E.D. Cal. 2013)).  California's Rosenthal Act incorporates provisions of

19   the FDCPA by reference, so a violation the FDCPA constitutes a violation of the Rosenthal Act.

20   Cal. Civ. Code § 1788.17; *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) ("The

21   Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes

22   available the FDCPA's remedies for violations.").

23         Plaintiff alleges that she is a "consumer" and defendant is a "debt collector" as those terms

24   are defined by the FDCPA.  ECF No. 1 at 2-3.  She alleges that defendant repeatedly called her in

25   an effort to collect a credit card debt, which plaintiff incurred by purchasing "various personal

26   goods."  ECF No. 1 at 3.  These allegations are sufficient to satisfy the first three elements.

27         Plaintiff also sufficiently alleges defendant's violation of FDCPA section 1692d(5), which

28   prohibits a debt collector from calling a consumer "repeatedly or continuously with intent to

                                                3

1   annoy, abuse, or harass any person at the called number."  Plaintiff alleges that, despite her

2   repeated requests that it cease such conduct, defendant persisted calling her for months one end

3   "in an effort to harass and annoy Plaintiff into addressing the subject consumer debt."  ECF No. 1

4   at 3-4.  She further alleges that defendant was obligated under 12 C.F.R. § 1006.14(h)(1) to cease

5   calling her upon request, and defendant's refusal to do so evinces its harassing intent.[2]  ECF No. 1

6   at 7.  These allegations sufficiently demonstrate violations of the FDCPA and, by extension,

7   California's Rosenthal Act.  *See* 15 U.S.C. § 1692d(5); Cal. Civ. Code § 1788.17; *Arteaga v.*

8   *Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1227 (E.D. Cal. 2010) ("[A] debt collector may

9   harass a debtor by continuing to call the debtor after the debtor has requested that the debt

10   collector cease and desist communication.").  Accordingly, the second and third *Eitel* factors

11   weigh in favor of default judgment.

12          The remaining *Eitel* factors also weigh in favor of granting plaintiff's motion.  Defendant

13   was properly served, *see* ECF No. 5, but has not responded.  Thus, it appears that defendant's

14   default was not due to excusable neglect.  Plaintiff seeks statutory damages, and, accepting

15   plaintiff's allegations as true, there is little possibility of a dispute concerning material facts.  *See*

16   *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all

17   allegations in a well-pleaded complaint are taken as true after the court clerk enters default

18   judgment, there is no likelihood that any genuine issue of material fact exists.").  Additionally,

19   because defendant has not appeared in this action, plaintiff has no way to obtain relief absent

20   default judgment.  Finally, although decisions on the merits are favored, such a decision is

21   impossible where the defendant declines to take part.  *See Penpower Tech. Ltd. v. S.P.C. Tech.*,

22   627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008).  Accordingly, plaintiff is entitled to default

23   judgment on its claims.

24          B.      Requested Relief

25          Plaintiff request that she be granted statutory damages, costs, and attorney's fees.  ECF

26   ―――――――――――――
        [2] 12 C.F.R. § 1006.14(h)(1) provides that "in connection with the collection of any debt, a
27   debt collector must not communicate or attempt to communicate with a person through a medium
     of communication if the person has requested that the debt collector not use that medium to
28   communicate with the person."

                                                    4

1   No. 8-2 at 2.

2                   1.      Damages

3        Both the FDCPA and the Rosenthal Act allow a prevailing plaintiff to recover up to

4   $1,000 in statutory damages.  15 U.S.C. § 1692k(a)(2)(A); Cal. Civ. Code § 1788.30(b).  Plaintiff

5   may recover statutory damages under both acts.  *Gonzalez v. Arrow Financial Services, LLC*, 660

6   F.3d 1055, 1069 (9th Cir. 2011) ("The Rosenthal Act's remedies are cumulative, and available

7   even when the FDCPA affords relief.").

8        As discussed above, plaintiff's allegations, which must be accepted as true, demonstrate

9   that defendant violated the FDCPA and the Rosenthal Act.  Defendant ignored plaintiff's repeated

10  requests to cease calling her cellular, which reflects a disregard for the FDCPA's prohibition

11  against harassing and abusive debt collection practices.  ECF No. 1 at 7; *see* 12 C.F.R.

12  § 1006.14(a).  Accordingly, I find that awarding the maximum statutory damages is appropriate.

13  *See Garcia v. Armin, O'Conner & Boch, LLC*, No. EDCV 19-1882 JGB (SHKx), 2020 WL

14  13303718 at *6 (C.D. Cal. Dec. 3, 2020) (granting maximum statutory damages where plaintiff

15  sufficiently alleged violations of the FDCPA and California's Rosenthal Act but did not seek

16  actual damages).

17                  2.      Costs and Attorney's Fees

18       Plaintiff also seeks $2,575 in attorney's fees pursuant, plus an additional $534.65 in

19  costs—$405 for the filing fee and $129.65 for service and mailing—pursuant to 15 U.S.C.

20  § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c).  ECF No. 8-1.  The requested attorney's fees are

21  based on 6.1 hours of work performed by attorney Alexander Taylor at a $375 hourly rate, and

22  2.3 hours of work by non-attorney staff at $125 per hour.  *Id.*

23       The court's local rules require a party seeking attorney's fees to submit an affidavit

24  addressing specific criteria that the court will consider in determining whether an award of

25  attorney's fees is appropriate.  *See* E.D. Cal. L. R. 293(b), (c).  The local rules also provide that a

26  bill of costs must be served on all other parties within fourteen days after an entry of judgment,

27  and the "cost bill shall itemize the costs claimed and shall be supported by a memorandum of

28  costs and an affidavit of council . . . ."  E.D. Cal. L. R. 292(b).

1    Plaintiff's counsel submitted a declaration in support of the request for attorney's fees, but

2    it does not address all criteria listed in Local Rule 293.  Additionally, plaintiff's motion contains

3    insufficient information to determine whether the requested hourly rate and the number of hours

4    spent litigating were reasonable.  Plaintiff's counsel states that his hourly rate is "reasonable for

5    an attorney with similar experience," but he provides no information about his experience or the

6    typical rate charged by an attorney with similar experience in the jurisdiction.  ECF No. 8-2 at 2.

7    Plaintiff also appears to seek fees for clerical tasks, including filing documents with the court, that

8    were performed by a paralegal.  ECF No. 8-1 at 1-2.  Fees associated with such clerical tasks are

9    generally "considered overhead expenses overhead expenses reflected in an attorney's hourly

10   billing rate, and are not properly reimbursable."  *Bakeell v. Astrue*, No. 3:10-cv-01525-JE, 2013

11   WL 638892, at *3 (D. Or. Jan. 9, 2013) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10

12   (1989)).  Given these deficiencies, plaintiff's request for attorney's fees and costs should be

13   denied without prejudice to renewal upon an appropriate motion filed in compliance with Local

14   Rules 292 and 293.

15          Accordingly, it is hereby RECOMMENDED that:

16          1.  Plaintiff's motion for default judgment, ECF No.8, be granted in part and denied in

17   part.

18          2.  The court enter default judgment against defendant in the amount of $2,000 in statutory

19   damages.

20          3.  Plaintiff's request for costs and attorney's fees be denied without prejudice to renewal

21   upon a timely motion filed in compliance with Local Rule 292 and 293.

22          These findings and recommendations are submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

24   service of these findings and recommendations, any party may file written objections with the

25   court and serve a copy on all parties.  Any such document should be captioned "Objections to

26   Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

27   within fourteen days of service of the objections.  The parties are advised that failure to file

28   objections within the specified time may waive the right to appeal the District Court's order.  *See*

1  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

2  1991).

3  IT IS SO ORDERED.

4

5  Dated:    November 15, 2024        _____

6                                    JEREMY D. PETERSON
                                      UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28